# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN C. AYO (#531823)** | **CIVIL ACTION** |
| **VERSUS** | |
| **DARREL VANNOY, ET AL.** | **18-854-JWD-RLB** |

## RULING

This matter comes before the Court on the plaintiff's Motion for Leave to Reinstate § 1983 suit (R. Doc. 18), which the Court interprets to be a Motion for Relief from Judgment brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. This Motion shall be denied.

On January 29, 2019, the Court granted the plaintiff pauper status and ordered him to pay an initial partial filing fee in the amount of $9.34. *See* R. Doc. 10. The plaintiff objected to the Court's Order. *See* R. Doc. 11. On March 19, 2019, the plaintiff was ordered to show cause why his Complaint should not be dismissed for failure to pay the initial partial filing fee. The plaintiff was directed to provide "statements showing the daily account activity in his inmate drawing and savings accounts for the months of December of 2017, and January, and February of 2019…" *See* R. Doc. 14. The plaintiff again filed an objection along with documents which did not comply with the Court's Order. *See* R. Doc. 15. As such, the Court was unable to ascertain from the attached documents whether the plaintiff had sufficient funds to pay the initial partial filing fee or not, and pursuant to Judgment dated April 16, 2019 (R. Doc. 17), the above-captioned proceeding was dismissed for failure of the plaintiff the initial partial filing fee as ordered. The plaintiff now moves to reopen this matter and has again attached documents which do not allow the Court to ascertain whether the plaintiff had sufficient funds to pay the initial partial filing fee.

Rule 60(b) provides that relief from a judgment or order may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief.  The plaintiff has not provided any factual assertions which would support the applicability of any of the first five subsections of Rule 60(b).

Further, to the extent that the plaintiff's pleading may be interpreted as seeking relief under the catch-all provision of Rule 60(b)(6), the motion fares no better.  This provision allows a Court to vacate a judgment for "any other reason that justifies such relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.  *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).  The relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, and it requires that the moving party make a showing of extraordinary circumstances justifying such relief.  *Hess v. Cockrell*, 281 F.3d 212, 216, (5th Cir. 2002).  In the instant motion, the plaintiff has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6).  Furthermore, the plaintiff has still failed to provide the Court with the necessary documents.  *See* R. Doc. 14.  Accordingly, the plaintiff has not shown that he is entitled to reinstatement of his claim; therefore,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 18) be and is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on June 19, 2019.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**